UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No. 92-20103-BC
                                                     Honorable David M. Lawson

NICOLAS A. GARCIA,

        Defendant.

_____ /

## ORDER DENYING *PRO SE* MOTION FOR COURT RECORDS, PRETRIAL AND POSTTRIAL DOCUMENTS, TRANSCRIPTS, AND TAPES

This matter is before the Court on the defendant's *pro se* motion for court records, pretrial and posttrial documents, transcripts, and tapes. On May 13, 2003, the defendant was convicted by a jury on one count of conspiracy to distribute marijuana. The Court sentenced the defendant on September 3, 2003. The defendant filed a notice of appeal on September 5, 2003. Although the defendant is currently represented by attorney David C. Thomas, the court of appeals has granted the defendant's motion to file a *pro se* supplemental appellate brief. Appeal Docket Entry (Feb. 18, 2005). On May 20, 2005, the defendant filed the *pro se* motion with this Court to obtain materials to aid him in preparing his supplemental brief.

In the Sixth Circuit, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). After the filing of a notice of appeal, a district court may only enter "remedial orders not affecting the merits of the appeal, such as orders granting bail to a successful habeas petitioner and to proceed with a case when the notice of appeal is from a patently

non-appealable order." *Ibid*. (citations omitted); *see Hogg v. United States*, 411 F.2d 578, 580 (6th Cir. 1969) (noting that the Federal Rules of Civil Procedure create specific exceptions when a district court may enter orders after a notice of appeal has been filed).

The defendant's request list covers two pages. Many of the documents are contained in the record. Other requests include evidence submitted to the jurors for deliberation, transcripts of in chambers and telephone conferences, all forfeiture documents relating to items seized from the person of the defendant, a "truck trailer," and a "suburban truck," "all documents on case ($20,000.00)," many documents involved in pretrial discovery, and "all documents recorded in the docket sheet." Since the matter is on appeal, this Court lacks jurisdiction to entertain the motion. The motion involves the defendant's ability to file a substantive supplemental appellate brief. An order deciding the motion would not be remedial or authorized by the Federal Rules of Civil Procedure.

Nonetheless, the defendant may obtain copies of documents in the record by making a request to the clerk of the court. The Court charges fifty cents a page for copies. Indigent or pauper status does not waive fees for copies of documents. Letters requesting copies of documents in the record should be addressed to:

> Clerk, U.S. District Court
> 1000 Washington Avenue, Room 304
> Bay City, Michigan 48708

It is appropriate to identify requested documents by docket number. The clerk will inform the defendant of the reproduction cost and transmit the copies to the defendant after receiving payment. The Court also notes that the defendant's counsel maybe able to assist in obtaining the requested items.

Accordingly, it is **ORDERED** that the defendant's motion for court records, pretrial and posttrial documents, transcripts, and tapes [dkt # 1043] is **DENIED** for lack of jurisdiction.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 3, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 3, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS

---