UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                            Case Number 92-20103

        Plaintiff,             Honorable David M. Lawson

v.

NICHOLAS A. GARCIA,

        Defendant.

_____/

**ORDER DENYING MOTION FOR CONSIDERATION OF RRC
PLACEMENT AND PRE-RELEASE HOME CONFINEMENT
PURSUANT TO THE SECOND CHANCE ACT**

    Presently before the Court is the defendant's motion for consideration of a residential re-entry center (RRC) and pre-release home confinement pursuant to the Second Chance Act.

    "The Second Chance Act of 2007 . . . increases a federal prisoner's eligibility for pre-release placement in a halfway house from 6 to 12 months, and requires the Bureau of Prisons (BOP) to make an individual determination that ensures that the placement is 'of sufficient duration to provide the greatest likelihood of successful reintegration into the community.'" *Vasquez v. Strada*, 684 F.3d 431, 432-33 (3d Cir. 2012) (quoting 18 U.S.C. § 3624(c)(6)(C)). "In accordance with the Act, regulations were issued so that placement in a community correctional facility by the BOP is conducted in a manner consistent with 18 U.S.C. § 3621(b)." *Ibid.* (citing 28 C.F.R. § 570.22). That statute, in turn provides, that any recommendation by the sentencing court that a convicted person serve a term of imprisonment in a community corrections facility "shall have no binding effect on the authority of the Bureau . . . to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b). Relevant factors that the BOP shall consider include "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and

characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission." *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009)  (citing 18 U.S.C. § 3621(b)).

The BOP has the discretion to determine whether the defendant is eligible for release to a RRC.  The defendant may file a habeas petition under 28 U.S.C. § 2241 to challenge a decision by the BOP to exclude him from release to a RRC, but the Court's review is limited to determining whether the BOP abused its discretion.  *See Vasquez*, 684 F.3d at 433 (court's review is limited to determining whether BOP abused its discretion).  There is no evidence in his motion papers that the BOP has evaluated the defendant for release to a RRC.  The Court therefore will deny the defendant's motion because there is nothing for the Court to review.

Accordingly, it is **ORDERED** that the defendant's motion for consideration of a residential re-entry center (RRC) and pre-release home confinement pursuant to the Second Chance Act [dkt. #1115] is **DENIED.**

                                                 s/David M. Lawson
                                                 DAVID M. LAWSON
                                                 United States District Judge

Dated:   May 11, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 11, 2015.

                              /s/Susan Pinkowski
                              SUSAN PINKOWSKI